# EXHIBIT C

Micro-f
5/2/95

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED
MAY 2  8 43 AM '95
CLERK
U.S. DISTRICT COURT
BRIDGEPORT, CONN.

DEBORAH LASKY                          :

v.                                     :     No. 3:94CV2054 (AHN)

MARRIOTT INTERNATIONAL, INC.           :

RULING ON DEFENDANT'S MOTION TO DISMISS

In this diversity action, plaintiff Deborah Lasky ("Lasky") alleges that defendant Marriott International, Inc. ("Marriott") discriminated against her in violation of Conn. Gen. Stat. Ann. § 31-290a (West 1987). Currently before the court is Marriott's motion to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6), Fed. R. Civ. P.

For the reasons that follow, Marriott's Motion to Dismiss Plaintiff's Complaint [doc. # 8] is GRANTED and this action is DISMISSED without prejudice.

STANDARD OF REVIEW

In deciding a Rule 12(b)(1) motion, the court construes the complaint broadly and liberally in conformity with the principle set out in Rule 8(f), Fed. R. Civ. P., "but argumentative inferences favorable to the pleader will not be drawn." 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1350, at 218-219 (1990 & Supp. 1991) (hereinafter "Wright & Miller"). Lack of subject matter jurisdiction may be asserted at any time by the parties or by the court sua sponte.

See Rules 12(b)(1) and 12(h)(3), Fed. R. Civ. P.; Clark v. Paul Gray, Inc., 306 U.S. 583 (1939); John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc., 588 F.2d 24, 27 (2d Cir. 1978), cert. denied, 440 U.S. 960 (1979); 5A Wright & Miller, § 1350, at 202. Once challenged, the burden of establishing a federal court's subject matter jurisdiction rests on the party asserting jurisdiction. See Thomson v. Gaskill, 315 U.S. 442, 446 (1942); Grafon Corp. v. Hausermann, 602 F.2d 781, 783 (7th Cir. 1979).

## FACTS

The court accepts as true the following factual allegations.

On July 19, 1989, Lasky injured her lower back while working for Marriott's Food Service Division at People's Bank in Bridgeport, Connecticut. In November 1990, Lasky, then a Food Service Supervisor for Marriott at People's Bank, ceased working in order to have back surgery. On November 20, 1990, she had surgery for a lumbar spine injury.

Shortly after Lasky left Marriott to have surgery, Marriott officials "determined" that her employment would be terminated and informed her co-workers that she would not return to work. (See Compl. ¶¶ 5 & 8(A) [doc. # 1].)

In June 1992, Lasky sought to return to work with Marriott. At that time, Marriott officials informed her that her employment had been terminated.

In November 1994, Lasky filed suit in Connecticut Superior Court. On December 2, 1994, Marriott removed the action to federal court.

2

DISCUSSION

Marriott contends that the court lacks subject matter jurisdiction over Lasky's claim. It argues that Lasky has attempted to disguise a claim under Conn. Gen. Stat. Ann. § 31-313 (West 1987 & Supp. 1994), for which the Connecticut Workers' Compensation Commission has exclusive jurisdiction, under the rubric of section 31-290a, which permits an individual to file a claim either with the Workers' Compensation Commission or in Connecticut Superior Court. (See Def.'s Mem. Law Support Mot. Dismiss Pl.'s Compl. 1 [doc. # 9].)

In response, Lasky contends that the complaint merely refers to section 31-313 and that her claim is based on a "pattern of discriminatory acts." She further argues that the mere mention of section 31-313 does not transform the action into one based entirely on section 31-313. (See Pl.'s Mem. Law Opp'n Def.'s Mot. Dismiss 3 [doc. # 11].)

Section 31-290a is designed to protect plaintiffs who file claims for workers' compensation benefits against wrongful or discriminatory discharge. See Ford v. Blue Cross & Blue Shield, 578 A.2d 1054, 1059 (Conn. 1990). To establish a prima facie case under the statute, the plaintiff bears the initial burden of pleading, and then proving by a preponderance of the evidence, that the employer discharged or discriminated against the plaintiff because she exercised her rights under the Workers' Compensation Act. See Chiaia v. Pepperidge Farms, Inc., 588 A.2d 652, 654 (Conn. App. Ct.), cert. denied, 593 A.2d 133 (Conn.

3

1991). A plaintiff may file a claim under section 31-290a either in Connecticut Superior Court or with the Workers' Compensation Commission. See Conn. Gen. Stat. Ann. § 31-290a. Section 31-313 limits an employer's discretion in terminating an employee who has filed a workers' compensation claim and imposes a limited duty on the employer to provide suitable work for an injured employee if it is available. See Conn. Gen. Stat. § 31-313; Chiaia, 588 A.2d at 655. Unlike a section 31-290a action, however, the Workers' Compensation Commission has exclusive jurisdiction over section 31-313 claims. See Conn. Gen. Stat. Ann. § 31-313(a)(2).

Moreover, a plaintiff may not assert a section 31-290a claim in a judicial proceeding if that claim arises out of an alleged violation of section 31-313. See Wright v. Turner & Seymour Mfg. Co., No. 54079, 1991 WL 126037 (Conn. Super. Ct. June 26, 1991) (dismissing claim under section 31-290a where plaintiff expressly alleged in complaint that claim based "more specifically" on violations of section 31-313); see also Collins v. Bridgeport Resco Co., Ltd, No. CV93308533S, 1994 WL 68538 (Conn. Super. Ct. Feb. 24, 1994) (declining to dismiss section 31-290a claim of retaliatory discharge where plaintiff neither characterized nor pleaded claim as one arising out of section 31-313).

Here, the court finds that Lasky has asserted a section 31-290a claim arising out of an alleged violation of section 31-313.

In paragraph 8(B), the complaint alleges that "[o]nce [Lasky] reached maximum medical improvement, [Marriott] failed to

4

offer her the Food Supervisor position back, despite the fact that with reasonable accommodations she could have performed the position[.]" (Compl. ¶ 8(B).)  Further, in its next paragraph, the complaint alleges that "[o]nce [Lasky] reached maximum medical improvement, [Marriott] failed to offer her other employment, which she could have performed, and which . . . was available as of June of 1992." (Id. ¶ 8(C).)  The complaint then expressly alleges that "these refusals were discriminatory and/or in violation of section 31-313 . . . ." (Id. ¶ 8(D).)  In sum, Lasky's claim, as alleged in the complaint and not as refashioned at oral argument, is based on Marriott's failure to offer her suitable alternative work when she sought to return to work in 1992.

At oral argument, counsel insisted that the complaint alleges a "pattern of discrimination" against Lasky and that the court thus should not dismiss it.  Nowhere, however, does Lasky allege <u>facts</u> suggesting that Marriott retaliated against her or engaged in a pattern of discriminatory acts against her for filing a workers' compensation claim.  In fact, the complaint does not even allege that Lasky filed a workers' compensation claim.[1]

Lasky may well have a meritorious section 31-290a claim. Construing the complaint in the light most favorable to Lasky,

---

[1] According to counsel, the court should infer that she filed a claim from the allegation that Lasky's "compensable injuries to her lower back rendered her temporarily disabled . . . ." (Compl. ¶ 4.)

5

however, the court finds that the complaint, as currently drafted, alleges a cause of action under section 31-290a that is based on Marriott's failure to provide alternative work to Lasky in violation of section 31-313. Because the Workers' Compensation Commission has exclusive jurisdiction over such claims, this court lacks subject matter jurisdiction over Lasky's action.[2]

## CONCLUSION

For the foregoing reasons, the defendant's Motion to Dismiss Plaintiff's Complaint [doc. # 8] is GRANTED and this action is DISMISSED without prejudice. Plaintiff is given leave to file an amended complaint within thirty days of the date of this ruling.

SO ORDERED this 28th day of April, 1995 at Bridgeport, Connecticut.

                                      Alan H. Nevas
                          United States District Judge

---

[2] Because the court dismisses this action under Rule 12(b)(1), the court does not reach the issue of whether Lasky's cause of action is barred by the statute of limitations. The court would note, however, that an action may be dismissed based on a statute of limitations defense when it is clear on the face of the pleading that the action was not timely commenced. See, e.g., Armstrong v. McAlpin, 699 F.2d 79 (2d Cir. 1983).

6